IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DAVID A. SMITH and GLADYS H. SMITH            PLAINTIFFS

   V.                Civil No. 04-6112

UNION CARBIDE CORPORATION                DEFENDANT

### **MEMORANDUM OPINION**

On this 6th day of February 2006, there comes on for consideration the motion for summary judgment filed by the defendant (Docs. #13-15, 19), Plaintiffs' Response (Docs. #20, 23) and Defendant's Reply (Doc. #22). Because we find that the action is barred by the applicable statute of limitations, the defendant's motion for summary judgment (Doc. #13) will be GRANTED and the above-captioned case DISMISSED WITH PREJUDICE.

### **I.  Background.**

Plaintiffs and Defendant entered into a surface lease on October 18, 1979, whereby Defendant was to use Plaintiffs' property for its mining and milling activities. On July 7, 2004, Plaintiffs filed a complaint in the Circuit Court of Hot Spring County alleging Defendant breached the lease by removing topsoil from Plaintiffs' property and converting it to Defendant's own use. On August 18, 2004, Defendant removed the case to this Court.

On January 20, 2006, Defendant filed a motion for summary

AO72A
(Rev. 8/82)

judgment (Doc. 13) contending Plaintiffs' claim is barred by the statute of limitations because the alleged breach occurred more than five years before the filing of Plaintiffs' complaint. Plaintiffs maintain the statute of limitations did not begin to run until the lease expired in December 1999, because Defendant continued to breach the lease until that time and had the opportunity to cure its default until the lease expired in December 1999.

**II. Summary Judgment Standard.**

The court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). A fact is material only when its resolution affects the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). If reasonable minds could differ as to the import of the evidence, judgment should not be granted. *Id.* at 250-51, 106 S.Ct. at 2511-12. However, the nonmoving party must set forth specific facts, by affidavit or otherwise, sufficient to raise a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Summary judgment

is only appropriate when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law." *Callanan v. Runyon*, 75 F.3d 1293, 1296 (8th Cir. 1996)(citations omitted). All disputed facts are to be resolved and all inferences drawn in favor of the nonmoving party. *Id.*

### III. Discussion.

Defendant contends that Plaintiffs' complaint is barred by the five-year statute of limitations applicable to breach of contract claims. ARK. CODE ANN. § 16-56-111. According to Defendant, any removal of topsoil by Defendant from Plaintiffs' property occurred prior to June 1997. In response, Plaintiffs do not dispute that their action is subject to the five-year limitations period, but contend that the limitations period did not commence until the expiration of the lease because Defendant had the opportunity to cure the breach through that date and continued to breach the lease through its expiration in December 1999.

Arkansas law requires that actions for breach of a written contract be filed within five years of the breach. ARK. CODE ANN. § 16-56-111. In routine contract actions, the statute of limitations begins to run upon the occurrence of the last element essential to the cause of action. *Zufari v. Architecture Plus*, 914 S.W.2d 756 (1996). The test for when

a breach of contract action accrues is the point when the plaintiff could have first maintained the action to a successful conclusion. *Dupree v. Twin City Bank*, 777 S.W.2d 856 (1989).

Defendant contends that Plaintiffs were aware of the alleged breach as early as April 1997. Defendant points to a letter from Plaintiffs' former counsel to Defendant's predecessor, Umetco, dated April 16, 1997, listing Plaintiffs' settlement demands for the alleged breach of the lease agreement. (Doc. 19, Ex. 2). In his deposition on January 26, 2006, Plaintiff David Smith testified that the letter was, in fact, a claim against Defendant for breach of the lease. (Doc. 19, Ex. 1).

Plaintiffs do not dispute that they were aware of the breach as early as April 1997. However, they contend that the statute of limitations did not begin to run at that time because Defendant continued to breach the lease through the expiration of the lease agreement in December 1999. (Doc. 20). Additionally, Plaintiffs contend the statute of limitations did not commence until December 1999 because Defendant had the opportunity until December 1999 to remedy the breach. Plaintiffs argue they could not maintain an action for breach of contract at that time. To support their position, Plaintiffs point to David Smith's testimony that he

-4-

"expected" Defendant to put the property back "as near as possible" to its condition prior to the lease and that David Smith saw soil being removed by Defendant as late as 1999. (Doc. 20, Ex. A). Further, Plaintiffs direct the Court to a provision of the lease that states, in pertinent part:

> In the event of any default...on the part of Union Carbide..., Owner shall be entitled to terminate this Agreement only in the event it gives to Union Carbide thirty (30) days prior written notice... During the said thirty (30) day period Union Carbide shall that the right to cure or otherwise satisfy any such default or failure to perform and thereby reinstate its rights... In the event that it commences curative action during said thirty (30) day period but it cannot reasonably cure any default...during such period, then, provided that it diligently pursues all necessary actions, it shall have such additional period as may be reasonably necessary for the purposes of curing its default...

Plaintiffs contend that this provision prevented them from bringing suit prior to the expiration of the lease in December 1999 because Defendant had the opportunity to cure the alleged breach up to the expiration of the lease.

Under Arkansas law, the five-year statute of limitations began to run when Defendant allegedly breached the lease. By Plaintiffs' own admission, Defendant breached the lease as early as April 1997 which can only mean that the statute of limitations ran in April 2002. Plaintiffs' argument that Defendant continued to breach the lease until December 1999 does not toll the statute of limitations as Plaintiffs had a

valid cause of action as early as April 1997. Further, the clause in the lease that allows Defendant to cure any breach would not toll the statute of limitations as there is no evidence that Defendant ever commenced any curative action. Therefore, pursuant to the lease, Defendant would not be entitled to any additional period of time to cure the alleged breach, and Plaintiffs could have maintained an action against Defendant when they became aware of the breach as early as April 1997. Accordingly, the Court finds that Plaintiffs' claim is barred by the applicable statute of limitations.

**III. Conclusion.**

As Plaintiffs' breach of contract claim is barred by the applicable statute of limitations, Defendant's motion for summary judgment is GRANTED and this case is DISMISSED WITH PREJUDICE. As the Court stated in its Order of January 30, 2006, it will consider awarding attorney's fees incurred by Plaintiffs as a result of Defendant's untimely motion, and any request should be filed within ten days. A separate judgment will be entered concurrently herewith.

IT IS SO ORDERED.

                                          /s/ Robert T. Dawson
                                          Honorable Robert T. Dawson
                                          United States District Judge

AO72A
(Rev. 8/82)